IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALL POINTS CAPITAL CORPORATION, )
)
       Plaintiff, )
)
  v. ) No. 11 C 2215
)
I.P.P. LITHO PLATE CORP., )
et al., )
)
       Defendants. )

<u>MEMORANDUM ORDER</u>

All Points Capital Corporation ("All Points") has filed its Verified Complaint and Writ of Replevin against four defendants (one principal debtor and three guarantors), invoking federal subject matter jurisdiction on diversity of citizenship grounds. This memorandum order is issued sua sponte in conjunction with the issuance of this Court's customary initial scheduling order in the form applicable to all cases newly assigned to its calendar.

Although the action is predicated on a defaulted Promissory Note in the original principal amount of 2.839 million, the contemporaneously-executed Security Agreement strongly suggests that the underlying transaction was really a financing of the multimillion dollar purchase of a large piece of equipment--a printing press. Indeed, that understanding appears to be confirmed by the Security Agreement's Paragraph 7(b), which granted to All Points' assignor alternative optional remedies:

    1. "to recover immediately as liquidated damages for

loss of a bargain and not as a penalty, an amount equal to all sums due under the Note or hereunder to the date of acceleration including late charges, plus all monies due or to become due until the maturity date, discounted to present value using a rate of five (5%) percent per annum and computed pursuant to a generally accepted actuarial method"; or

    2. to "declare the loan and all other obligations then owing by the Debtor to GACC [All Points' predecessor in interest] immediately due and payable and GACC shall have the rights and remedies of a secured party under the Uniform Commercial Code and other applicable laws of the State of New Jersey."

In this instance All Points has exercised the second option, with its prayer for replevin aimed at implementing the remaining part of that second option (not quoted here). Under Illinois law the failure of that second option to discount the accelerated future payments to their present value would amount to an unenforceable penalty (an analysis entirely consistent with the contrast between the two alternatives).

Hence this action poses a twofold question on that score:

    1. Would the same analysis obtain under New Jersey law, which Security Agreement ¶10 calls into play?

    2. Even if it does, would the presumed penalty be

>   unenforceable here because Illinois public policy would
>   require that result?

All Points' counsel are directed to serve a copy of this memorandum order on defense counsel as soon as they learn of such counsel's identity and will be expected to address the issues posed here at or before the initial status hearing date.

                                                  /s/ Milton I. Shadur
                                 Milton I. Shadur
                                 Senior United States District Judge

Date:  April 4, 2011